**810**

## UNITED STATES

v.

## Sergeant William R. BROWN, FR 258–98–2176, United States Air Force.

### ACM 23390.

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 Nov. 1981.

Decided 18 June 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel James P. Porter and Major Michael J. Hoover.

Before MILES, KASTL and RAICHLE, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

Accused was found guilty, contrary to his pleas, of use, possession and transfer of marijuana on diverse occasions and possession of marijuana on 20 May 1981.* This latter offense arose out of a search of the accused's automobile which yielded a quantity of marijuana and drug abuse paraphernalia. In one of two assigned errors, the accused asserts that the military judge erred by denying a defense motion to suppress the fruits of the search because the prosecution failed to prove that the written authorization was issued by a proper official.

■ The authorization contains the signature of the authorizing official and recites: "This authority to search and seize is issued by virtue of ... [t]he delegation to me of authority to authorize searches and seizures by the commander having jurisdiction over the premises herein described."

At trial the defense first contested the validity of the search authorization generally. However, when requested by the military judge to specifically state his objection, he responded:

> Our objection is that the information relayed to the commander, who may or may not be a person authorized to authorize searches here at Eielson Air Force Base, since we haven't had any showing as to his authority, but the information relayed

---

* He was sentenced to a bad conduct discharge, confinement at hard labor for two years, forfeiture of $367.00 per month for two years, and reduction to airman basic.

to him, presuming for the purpose of this discussion that he is authorized, is insufficient to show proper probable cause to authorize a search.

In response to the motion, the prosecution called an agent of the Office of Special Investigations who testified as to what information he had relayed to the authorizing official regarding credibility of the informant and other matters relating to probable cause. In their arguments on the motion, both trial and defense counsel addressed only whether sufficient probable cause existed to authorize the search.

In ruling on the motion to suppress, the military judge stated:

This court finds that the authority to search and seize that was issued by Colonel Tompkins on 20 May 1981 was based upon probable cause. Therefore, the defense motion to suppress any evidence obtained as a result of any search conducted pursuant to that authority to search and seize is denied.

When queried as to whether the defense had any additional objection to the items seized from the automobile, the defense counsel answered that he did not.

 Mil.R.Evid. 311(d)(3) allows the military judge to require the defense to specify the grounds upon which the defense moves to suppress evidence. When a specific motion has been required, the prosecution's burden to prove that evidence was not obtained as a result of an unlawful search or seizure extends only to the grounds specified. Mil.R.Evid. 311(e)(3). Once the prosecution has met the specific objection, other defects not objected to may be waived. S. Saltzburg, L. Schinasi & D. Schueter, Military Rules of Evidence Manual 79 (1981).

In the case at hand, all parties to the trial understood that the specific ground for the motion to suppress was that there was insufficient probable cause upon which to authorize a search. None of the parties sought to litigate the authority of the authorizing official, and it was not mentioned by the defense except in passing. Further, after the military judge had made his rul-

ing on the stated objection, the defense counsel stated there were no further objections to the evidence seized.

Based on these facts, we hold that any objection to the search that the accused may have had on the grounds that the authorizing official was not a proper official to issue the authorization was waived. Thus, we will not entertain this issue on appeal.

The remaining error assigned, concerning sentence appropriateness, has been considered and is resolved adversely to the accused. Accordingly, the findings of guilty and sentence are

AFFIRMED.

KASTL, Judge, concurs.

MILES, Senior Judge, not participating.